UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jennifer Creese, <br><br> Plaintiff, <br><br> v. <br><br> Transworld Systems Inc., <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b), and 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et seq.* ("MOC") by Defendant and its agents in their illegal efforts to collect one or more consumer debts from Plaintiff.

3. Venue is proper in this District because the relevant acts occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff Jennifer Creese ("Ms. Creese") is a natural person who resides in the County of Muskegon, State of Michigan.

5. Ms. Creese is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "debtor" as the term is defined by M.C.L. § 339.901(f).

8. Plaintiff is a "consumer" as the term is defined by M.C.L. § 339.901(f).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Transworld Systems Inc. ("TSI") is and at all times mentioned herein, was a foreign corporation with its domestic

registered agent being The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan.

10. Defendant TSI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant TSI is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

12. Defendant TSI is not licensed by the State of Michigan to collect consumer debt in Michigan.

13. Defendant TSI uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

14. Defendant TSI regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. At all times relevant to this complaint, Defendant TSI was and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

16. Plaintiff allegedly incurred a financial obligation that was primarily used for personal, family, or household purposes (the

"Debt"), namely an alleged obligation resulting from a landlord-tenant relationship.

17. The Debt is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Debt is therefore a "debt" as that term is defined by M.C.L. § 339.901(a).

19. Sometime after the Debt was incurred, Plaintiff allegedly defaulted on the Debt.

20. After the Plaintiff allegedly defaulted on the Debt, the alleged obligation was transferred, assigned, or otherwise placed with Defendant TSI for collection.

21. Ms. Creese informed TSI that she did not owe the Debt.

22. Ms. Creese did inform Defendant TSI that she refused to pay the Debt.

23. Ms. Creese did inform Defendant TSI that she disputed the Debt.

24. On several occasions, Ms. Creese did inform Defendant TSI to stop calling altogether.

25. TSI continued to call Ms. Creese.

26. Plaintiff attempted to block the calls to her cell phone from TSI.

27. Plaintiff attempted to screen calls from TSI to her cellular telephone.

28. During the relevant time period, Defendant TSI would place calls where the caller ID shown on Plaintiff's phone would read phone numbers that had not called Ms. Creese in the past.

29. TSI failed to meaningfully disclose its identity by placing calls to Ms. Creese from multiple caller IDs.

30. During the relevant time period, on many occasions, when Defendant TSI called Plaintiff's cell phone, when Ms. Creese answered, there would be a lengthy pause, then a live person would start speaking.

31. On several occasions, Ms. Creese did inform Defendant TSI to stop calling her cellular phone.

32. On several occasions, Ms. Creese became upset when TSI called her cellular telephone.

33. During the relevant time period, TSI persisted in making phone calls to Plaintiff's cell phone, even after being asked to stop calling.

34. During the relevant time period, TSI made numerous calls to Plaintiff's cellular telephone using an ATDS after consent had been revoked by Ms. Creese.

35. Upon information and belief, and during the relevant time period, TSI made numerous calls to Plaintiff's cellular telephone using artificial or prerecorded voices after consent to be called had been revoked by Ms. Creese.

36. TSI indicated through its actions that TSI did not have to stop calling Plaintiff's cellular phone.

37. At all times relevant to this complaint, Defendant TSI has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

38. Defendant TSI at all times relevant to this complaint, engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

39. Defendant TSI at all times relevant to this complaint, engaged in "interstate communications" at 47 U.S.C. § 153(28).

40. At all times relevant to this complaint, Defendant TSI has used, controlled, and/or operated "wire communications" as

defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

41. At all times relevant to this complaint, Defendant TSI has used, controlled, and/or operated "automatic telephone dialing systems" ("ATDS") as defined at 47 U.S.C. § 227(a)(1).

42. TSI was a Defendant in Case No. 3:13-cv-02611-M, in the United States District Court for the Northern District of Texas; the parties to the matter being:

> UNITED STATES OF AMERICA,
>
> Plaintiff,
>
> v.
>
> EXPERT GLOBAL SOLUTIONS, INC., f/k/a, NCO GROUP, INC., a corporation, NCO FINANCIAL SYSTEMS, INC., a corporation, ALW SOURCING, LLC, a limited liability company, TRANSWORLD SYSTEMS INC., a corporation,
>
> Defendants.

43. On July 16, 2013, a Stipulated Order for Permanent Injunction and Monetary Judgment, was filed as Document 7, in Case No.

       3:13-cv-02611-M. Defendant TSI was permanently enjoined from the following conduct:

> Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person, including, but not limited to, causing a telephone to ring, or engaging a person in telephone conversation, repeatedly or continuously with the intent to annoy, abuse, or harass the person at the called number. Provided that, for purposes of this provision (Section II.D), there shall exist a rebuttable presumption of an intent to annoy, harass, or abuse if Defendants place more than one call to any person about a debt after that person has notified Defendants either orally or in writing that the person refuses to pay such debt or that the person wishes Defendants to cease further communication with the person[.]

44. Defendant utilizes communications technology from Ontario Systems and LiveVox, Inc.

45. Defendant states, as of December 21, 2016, that it has more than 100 locations nationwide, and has recovered over six billion dollars over the past decade. (http://www.tsico.com/about-tsi/our-company/).

46. In 2016, TSI posted a position called "Director, Dialer Operations."

47. The Director, Dialer Operations position, contained in part the following statements:

   a. Strategize, execute and manage dialer strategy for all tsi [sic] call centers to ensure campaigns are penetrated efficiently and effectively to meet established business goals and client scorecard parameters.

   b. The candidate will be the dialer expert consistently improving the effectiveness of our dialer and call campaigns. The candidate will develop, schedule, and maintain a dialer calendar to ensure that performance needs align technology usage with the business will develop, schedule, and maintain a dialer calendar to ensure that performance needs align technology usage with the business strategy plan. They will coordinate dialer work and provide reports to the executive management team for tracking dialer utilization.

   c. Responsible for day-to-day administration and

        monitoring of predictive dialer system including design, build and maintenance of campaigns, calling lists, filters, reports and list strategies[.]

    d.    Manage dialer performance metrics to world class standards including service levels, occupancy and call routing to ensure KPI's are surpassed[.]

48. Plaintiff never gave Defendant TSI permission to call her cellular telephone ending with the numbers 0006.

49. Plaintiff at no time provided "prior express consent" for TSI to place telephone calls to Plaintiff's cellular telephone with an ATDS or to use an artificial or prerecorded voice using as proscribed under 47 U.S.C. § 227 (b)(1)(A).

50. Plaintiff had not provided any cellular telephone number to TSI for the purpose of receiving communications from TSI.

51. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

52. Defendant did not have the prior express consent of Plaintiff to use an artificial or prerecorded voice when it called the

Plaintiff's cellular telephone.

53. Plaintiff was not a customer of TSI.

54. Plaintiff had no "established business relationship" with TSI, as defined by 47 U.S.C. § 227 (a)(2).

55. During the relevant time period, Ms. Creese received numerous calls from TSI, in which TSI used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(b)(1)(A).

56. During the relevant time period, Ms. Creese received on her cellular telephone calls from TSI, in which TSI used artificial or prerecorded voices.

57. On many occasions within the relevant time period, when Defendant TSI called Plaintiff's cell phone, and when the Plaintiff answered, there would be a lengthy pause, then a person would speak.

58. The ATDS used by TSI, at all relevant times, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

59. The ATDS used by TSI, at all relevant times, had the capacity

      to dial telephone numbers from a list of telephone numbers automatically and without human intervention.

60. The telephone number ending in 0006 that TSI called during the relevant time period was, at all relevant times, assigned to a cellular telephone service for which Plaintiff incurred charges for its use.

61. Telephone calls made by TSI or its agents were in violation of 47 U.S.C. § 227 (b)(1).

62. Within the four year period applicable to this lawsuit, and without consent, Defendant TSI left pre-recorded voicemail messages on Plaintiff's cellular telephone.

63. Within the four year period applicable to this lawsuit, Defendant TSI, without consent, telephoned the Plaintiff's cellular telephone on numerous occasions using an automatic telephone dialing system.

64. Given the number of times Ms. Creese asked TSI to stop calling her phone, TSI did actually know, or should have known, that its telephone calls were inconvenient.

65. TSI's calls to Ms. Creese after being asked to stop calling were

made with the intent to annoy, harass, or abuse Ms. Creese.

66. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of anger, frustration, inability to make and receive calls when TSI was calling, loss of battery power, wear and tear on her cellular telephone, invasion of privacy, intrusion upon her seclusion, loss of workplace productivity, emotional distress, and upset along with other negative emotions.

## TRIAL BY JURY

67. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Defendant made such calls willfully.

70. Defendant made such calls negligently.

71. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

72. Within the four year period relevant to this action, the Defendant made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

73. Within the four year period relevant to this action, the Defendant made numerous calls to the Plaintiff's cellular telephone using an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

74. The acts and/or omissions of Defendant at all times material and relevant to this complaint, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

75. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to

      statutory damages under the TCPA of $500.00 per phone call made to Plaintiff by Defendant.

76. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff by Defendant pursuant to 47 U.S.C. § 227(b)(3)(C).

77. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II.
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*.

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

80. Defendant violated 15 U.S.C. § 1692d.

81. Defendant violated 15 U.S.C. § 1692d(5).

82. Defendant violated 15 U.S.C. § 1692d(6).

83. Defendant violated 15 U.S.C. § 1692e.

84. Defendant violated 15 U.S.C. § 1692e(5).

85. Defendant violated 15 U.S.C. § 1692e(10).

86. Defendant violated 15 U.S.C. § 1692f.

87. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT III.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq.*

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the MOC

including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.901 *et seq.*, with respect to Plaintiff.

90. Defendant violated M.C.L. § 339.915(a).

91. Defendant violated M.C.L. § 339.915(e).

92. Defendant violated M.C.L. § 339.915(f)(ii).

93. Defendant violated M.C.L. § 339.915(n).

94. Defendant violated M.C.L. § 339.915(q).

95. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

# COUNT I.
# VIOLATIONS OF THE
# TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

# COUNT II.
# VIOLATIONS OF THE
# FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: December 21, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com